UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KATE PORTER,

                                                Plaintiff,                    **COMPLAINT**

                                 - against -

                                                                                  05 CV 6113 (KMK)

PRUDENTIAL INSURANCE COMPANY OF
AMERICA, and the PLAN and PLAN Administrator
of the GRAHAM-WINDHAM EMPLOYEE                ECF CASE
BENEFIT GROUP,
                                      Defendants.
------------------------------------------------------------------------x

        Plaintiff KATE PORTER, by her attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

### JURISDICTION AND VENUE

        1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.*, and specifically 29 U.S.C. 1132(a)(1)(B).

        2.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1331 and 29 U.S.C. 1132(e)(1) and (f).

        3.      Venue is proper pursuant to 29 U.S.C. 1132(e)(2), both because the subject breach took place in the Southern District of New York, and because one or more defendants reside or may be found in the Southern District of New York.

### THE PARTIES

        4.      Plaintiff KATE PORTER ("PORTER") is a natural person and a citizen of the State of New York, City of New York.

        5.      Upon information and belief, at all times hereinafter mentioned, defendant, GRAHAM-WINDHAM EMPLOYEE BENEFIT GROUP PLAN (the "PLAN") was and is an

"employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant THE GRAHAM-WINDHAM EMPLOYEE BENEFIT GROUP ("GRAHAM-WINDHAM") was and is the "plan administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

7. Upon information and belief, at all times hereinafter mentioned, defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") was and is a domestic or foreign corporation duly authorized to issue insurance in the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, PRUDENTIAL, was the underwriter and/or the "claims administrator" of the PLAN.

## BACKGROUND

9. In March 2003, while employed as an initial Quality Improvement Director of GRAHAM-WINDHAM EMPLOYEE BENEFIT GROUP, PORTER began to experience problems with her health, which seriously affected her ability to work.

10. That PORTER stopped working in March, 2003 because of her failing health.

11. Thereafter, PORTER submitted a claim for Long-term Disability Benefits under the PLAN.

12. By letter from PRUDENTIAL dated June 24, 2004, PORTER was advised that her claim was denied.

13. By letter dated December 17, 2004, PORTER timely Appealed the PURDENTIAL denial.

14. By letter dated January 16, 2005, PORTER's initial Appeal was denied.

15. By letter dated April 12, 2005, PORTER timely filed her second Appeal, which was not responded to in a timely fashion.

16. That accordingly, PORTER has exhausted her administrative remedies.

## AS AND FOR A FIRST CAUSE OF ACTION

17. PORTER repeats and reiterates paragraphs "1" through "16," as if fully set forth at length herein.

18. Both the decision to deny PORTER's claim for long term disability benefits, and the appeal decision affirming the denial, were and are erroneous and in violation of PORTER's rights under ERISA and PORTER's second Appeal has never been responded to in a timely or appropriate manner.

19. Accordingly, defendants are liable to PORTER for the sum of all long term disability benefits wrongfully withheld from her since March 2003, together with prejudgment interest at a rate to be established by the Court.

20. Additionally, PORTER is entitled to have her long term disability claim approved.

21. Lastly, PORTER is entitled to attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1).

**WHEREFORE** PORTER demands judgment:

(i) awarding her the sum of all long term disability benefits wrongfully withheld from her since March 2003, together with prejudgment interest;

(ii) declaring that she is entitled to have her claim for long term disability benefits approved;

(iii) awarding her attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By: _____
     Patrick F. Foley (PF 3311)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 2100
New York, New York  10006
(212) 363-1300