UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATE PORTER,

               Plaintiff,

- against -

PRUDENTIAL INS. CO. OF AMERICA, et al.,

               Defendants.

**MEMORANDUM OPINION & ORDER**

**05 Civ. 6113 (KMK) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Kate Porter ("Porter"), filed suit against defendants, Prudential Insurance Company of America, the Plan of the Graham-Windham Employee Benefit Group, and the Plan Administrator ("defendants"), raising claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, specifically, 29 U.S.C. § 1132(a)(1)(b). On February 24, 2006, District Judge Kenneth M. Karas referred the case to the undersigned for general pretrial purposes. In a conference before the Court on June 6, 2006, Porter's counsel asked for discovery on the defendants' seven affirmative defenses. The Court ordered both parties to submit letters on the subject, and held a telephone conference on June 16, 2006, to discuss the matter. For the following reasons, Porter's request for discovery on the defendants' "affirmative defenses" is **DENIED**.

## II. DISCUSSION

**A.**    **The Scope of Discovery in ERISA Cases**

The scope of discovery in an ERISA case is connected to, but not synonymous with, the limitations on the evidence a trial court can consider in adjudicating ERISA claims. The

standard of review has not yet been determined in this case, and in fact, that determination might well be premature. *See* **Klecher v. Metro. Life Ins. Co.**, 2003 WL 21314033, at *7 (S.D.N.Y. June 6, 2003) ("If and when the Court does consider motions for summary judgment regarding the defendants' denial of plaintiff's [benefits], the Court will need to determine from the language of the governing plan, what standard of review to apply to the administrator's determination of plaintiff's eligibility for [benefits]."). Whether a *de novo* or an arbitrary and capricious standard is ultimately applied, the evidence to be considered by the trial court is generally limited to the administrative record, although in some cases, additional evidence may be considered upon a showing of good cause. *See* **Paese v. Hartford Life Accident Ins. Co.**, 2006 WL 1418571, at *3 (2d Cir. 2006) ("Where, as here, the plan administrator is not disinterested (i.e., [defendant] was both the plan administrator and insurer), 'the decision whether to admit additional evidence is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause.'") (*quoting* **DeFelice v. Am. Int'l Life Assurance Co.**, 112 F.3d 61, 66 (2d Cir. 1997)). *Compare* **Miller v. United Welfare Fund**, 72 F.3d 1066, 1071 (2d Cir. 1995) ("a district court's review under the arbitrary and capricious standard is limited to the administrative record").

Defendants have argued that a logical extension of the limitation on evidence that can be considered by the court in a final disposition of the case is that pretrial discovery should also be limited to the administrative record. However, that conclusion is not necessarily required. Discovery outside the administrative record is not completely foreclosed, even in a case in which the arbitrary and capricious standard is to be applied. For example, in **Nagele v. Elec. Data Sys. Corp.**, 193 F.R.D. 94, 103 (W.D.N.Y. 2000), the court allowed some pretrial discovery in order

to "determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously with respect to a claim for benefits." **Id**. The court concluded that, despite the limitations on the ultimate use of evidence outlined in **Miller**, 72 F.3d at 1071, some limited discovery can be used, even under an arbitrary and capricious review, "to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning." **Id**.

In **Harris v. Donnelly**, 2000 WL 1838308, at *5 (S.D.N.Y. Dec. 12, 2000), the court refused to convert the defendants' motion to dismiss to one for summary judgment because no discovery had yet taken place. The standard of review appropriate for one of the plans at issue was unclear, and the court found that discovery was necessary to determine whether the plan had discretionary language. **Id**. The court also indicated that discovery could be allowed to determine if the plan was understandable and whether there was a conflict of interest even if the plan was to be reviewed under an arbitrary and capricious standard. **Id**. at *7.

In **Samedy v. First UNUM Life Ins. Co. of Am.**, 2006 WL 624889, at *2 (E.D.N.Y. May 10, 2006), the court granted some limited discovery in an arbitrary and capricious case to assist in determining whether there was a conflict of interest because the defendant was both the insurer and the claim administrator. The plaintiff had provided a declaration from a former employee who indicated that defendant placed pressure on its employees to deny claims. **Id**.

Here, Porter initially served interrogatories similar to those at issue in **Nagele**, 193 F.R.D. at 103. Defendants requested that the Court strike those interrogatories, arguing that the law requires ERISA plaintiffs to meet a "good cause" standard in order to have any pretrial discovery beyond the administrative record. On the one hand, contrary to defendants' interpretation of the

3

case law, the courts have not explicitly imposed the same "good cause" standard on discovery as that which is applied to the question of whether the court may consider evidence outside the administrative record. On the other hand, it is clear that some factual showing must be made before discovery outside the administrative record is allowed and any pretrial discovery should be taken with an eye towards the "good cause" standard. Discovery should be focused, as in **Nagele**, on a determination of whether the administrative record is complete, and to explain its meaning. 193 F.R.D. at 103. Similarly, as in **Harris**, discovery geared toward assessing potential conflicts of interest and the clarity of plan language would be proper, particularly if the standard of review has not yet been determined. 2000 WL 1838308, at *5. In this case, Porter has not yet been able to provide any factual support for allegations of impropriety which could justify discovery outside of the administrative record. Accordingly, in the June 6 conference, the Court granted defendants' request to strike the interrogatories Porter had served thus far.

**B.     Defendants' Affirmative Defenses**

After the Court's ruling as to Porter's interrogatories, her counsel asked the Court to order defendants to provide discovery demonstrating the factual support for the seven affirmative defenses raised in their answer. Defendants objected to discovery on these purported affirmative defenses, because the factual basis for them can be found in the administrative record which has already been produced. The affirmative defenses, as listed in the answer are as follows:

(1) The Complaint fails to state claims upon which relief can be granted.

(2) At all relevant times, Defendants acted in good faith and fulfilled their duties and responsibilities to the Plaintiff.

(3) The cause of action set forth in the Complaint is barred by the applicable statute of

limitations.

(4) Any and all actions taken by Defendants, or their agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

(5) Any and all actions taken by Defendants or their agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

(6) Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

(7) Plaintiff may have breached other terms and conditions of the policies issued by Defendants to Plaintiff.

Defendants have withdrawn affirmative defenses (3) and (7). Porter has not taken issue with affirmative defense (6). Therefore, the defenses at issue are (1), (2), (4), and (5).

As an initial matter, these are not true affirmative defenses. An affirmative defense, according to Black's Law Dictionary, Seventh Edition, is: "A defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." A defendant raising such a defense bears the burden to prove the new facts he brings forth. The defendants' only true affirmative defenses were (3) and (7), which would have required them to set forth facts proving that Porter's claims fell outside the statute of limitations and that she breached the terms and conditions of the benefits policies. In contrast, (2), (4), and (5) are simply statements that the defendants complied with the law. Rather than assume the truth of plaintiff's allegations as would a true affirmative defense, these "defenses"

5

would give the defendants the burden to prove their good faith and compliance. (1) alleges that Porter's complaint, accepted as true, does not state a violation of ERISA, which would not require defendants to put forth any new facts as would a true affirmative defense.

Because these "affirmative defenses" do not allege that there are any new facts or arguments upon which they would bear the burden of proof, there is no need for discovery on their factual support. This ruling is also in keeping with the limited scope of discovery in ERISA cases.

### III. CONCLUSION

Porter's request for discovery on the factual support for defendants' "affirmative defenses" is **DENIED**.

**SO ORDERED this 18th day of July 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**