
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/06 05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATE PORTER,

                         Plaintiff,

             - against -

PRUDENTIAL INS. CO. OF AMERICA, et al.,

                       Defendants.

**MEMORANDUM
OPINION & ORDER**

05 Civ. 6113 (KMK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Kate Porter ("Porter"), filed suit against defendants, Prudential Insurance Company of America, the Plan of the Graham-Windham Employee Benefit Group, and the Plan Administrator ("defendants"), raising claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, specifically, 29 U.S.C. § 1132(a)(1)(b). On February 24, 2006, District Judge Kenneth M. Karas referred the case to the undersigned for general pretrial purposes. In several conferences before the Court, the parties raised a number of discovery disputes over Porter's request for discovery outside of the administrative record. On July 18, 2006, the undersigned issued a Memorandum Opinion & Order memorializing the Court's oral rulings granting defendants' motion to strike Porter's interrogatories and denying Porter's motion for discovery on the factual basis for defendants' affirmative defenses. On July 28, 2006, Porter asked for reconsideration. For the reasons that follow, the motion for reconsideration is **DENIED**.

## II. DISCUSSION

A party may move for reconsideration of an order on the basis of "mistake, inadvertence,

surprise, or excusable neglect." Federal Rule of Civil Procedure ("FRCP") 60(b)(1). Local Rule 6.3 specifies that the party must outline "the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp.**, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

Porter raises no controlling decisions or factual matters the Court overlooked. Instead, Porter argues that defendants have not objected to each interrogatory with sufficient specificity. Were this not an ERISA case, that might well be true. However, defendants' main objection to Porter's requests for discovery has been that the majority of the information sought is contained within the administrative record. As explained in the Court's July 18 opinion, discovery outside the administrative record in an ERISA case is not completely foreclosed, but if allowed, should be focused on potential conflicts of interest, the parameters of the record itself, and the clarity of the plan language, for example. *See* **Samedy v. First UNUM Life Ins. Co. of Am.**, 2006 WL 624889, at *2 (E.D.N.Y. May 10, 2006); **Harris v. Donnelly**, 2000 WL 1838308, at *5-7 (S.D.N.Y. Dec. 12, 2000); **Nagele v. Elec. Data Sys. Corp.**, 193 F.R.D. 94, 103 (W.D.N.Y. 2000). While some of the interrogatories Porter has served might well go to these areas, Porter has not provided the Court with any factual basis for the need to inquire into conflicts of interest in this case in particular, or any reason to raise questions about the parameters of the record, or

2

the language of the relevant plan. Furthermore, Porter has not explained which of the interrogatories are, in fact, asking for information outside of the administrative record and which might therefore remain unanswered by defendants' production of documents thus far.

In reference to a Notice of Deposition served on defendants, asking for 30(b)(6) witness, Porter raises a recent case allowing depositions to go forward in an ERISA case. **Mitchell v. First Reliance Standard Ins. Co.**, 2006 WL 1793566 (S.D.N.Y. June 30, 2006). First, for the purposes of reconsideration, this case does not amount to a controlling decision the Court overlooked. Second, the July 18 opinion of the Court did not refer specifically to any deposition noticed by Porter. While depositions in general may have been discussed in one of the various conferences in which the parties appeared before the undersigned, the Court has not made any rulings specific to any depositions. However, the same principles discussed here, in the Court's July 18 opinion, and in the pretrial conferences will be held applicable to depositions. A deposition would certainly be permissible if Porter could demonstrate some minimal factual connection between this case and the need for a deposition of an individual, with a focus on the areas of inquiry appropriate for discovery outside the administrative record in an ERISA case (conflict of interest, parameters of the administrative record, etc). While the facts of the case at issue in **Mitchell** were not discussed at length in that case, **Mitchell** appears only to support the Court's previous rulings in principle.

Finally, Porter submits that if, as the Court found in the July 18 opinion, defendants' "affirmative defenses" are not true affirmative defenses, those defenses should be withdrawn. The Court did find as such, stating that there was no need for defendants to state the factual basis for affirmative defenses that were simply statements that the defendants had complied with the

3

law rather than defenses that assumed the truth of Porter's claims and would require defendants to bear the burden of some new fact. Defendants have withdrawn the only true affirmative defenses stated in their answer.

### III. CONCLUSION

Porter's motion for reconsideration of the Court's July 18, 2006, rulings is **DENIED**.

**SO ORDERED this 2nd day of August 2006**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

4